MITSUI & CO., LTD., and Taisho Marine & Fire Insurance Co., Ltd., Plaintiffs,

v.

M/V GLORY RIVER, her engines, tackle, apparel, furniture and equipment, in rem, and Tokai Shipping Company, in personam, Defendants.

No. C78–259B.

United States District Court,
W. D. Washington.

Aug. 30, 1978.

Michael H. Williamson, of Madden & Poliak, Seattle, Wash., for plaintiffs.

Mark Sullivan, of Howard, LeGros, Buchanan & Paul, Seattle, Wash., for defendant, M/V GLORY RIVER.

Edward C. Biele, of Bogle & Gates, Seattle, Wash., for defendant, Tokai Shipping Co.

### ORDER

BEEKS, Senior District Judge.

This is a cargo damage action. In March, 1978 some 173 coils of concrete wire were delivered to defendant Tokai Shipping Company at the port of Osaka, Japan for carriage, under bills of lading O/OA–1 and O/OA–42, to the port of Oakland, California. It is alleged that the coils were delivered to defendant vessel in good condition and were damaged upon delivery in Oakland. Suit was timely instituted following delivery.

Tokai now moves this court to dismiss plaintiff's action, stay all discovery and extend its time to respond to plaintiff's request for production of documents until resolution of the motion to dismiss.

Tokai asserts two grounds in support of its motion to dismiss. First, it contends the forum clause in the bills of lading, providing that all disputes shall be decided in Tokyo District Court in Japan according to Japanese law, divests this court of jurisdiction to hear the matter. Secondly, it contends the complaint should be dismissed under the doctrine of forum non conveniens.

The court rejects both contentions and denies the motion to dismiss.

### I.

■ This case is governed by the provisions of the Carriage of Goods by Sea Act (COGSA), 46 U.S.Code, § 1300 et seq. Bill of lading foreign forum clauses, of the variety at issue here, are violative of § 1303(8) of COGSA. As such, they are not to be given effect where the matter is otherwise properly before the court. *Indussa Corpo-*

ration v. S.S. RANBORG, 377 F.2d 200 (2d Cir. 1967); Northern Assurance Co., Ltd. v. M/V CASPIAN CAREER, 1977 A.M.C. 421 (N.D.Cal.1977).

II.

█ The court has unqualified discretion to decline jurisdiction in actions between foreigners under the doctrine of forum non conveniens. Philippine Packing Corporation v. Maritime Company of the Philippines, 519 F.2d 811 (9th Cir. 1975). That discretion is tempered only with the proviso that it not be exercised in an arbitrary or wilful manner, but with regard to the equities of the given situation. 519 F.2d at 812.

A clean bill of lading was issued in Osaka, Japan. Thus, there should be no need to take testimony relative to the condition of the goods at the time of shipment. Rather, it would appear that the witnesses upon whom plaintiff must rely on the issue of damage are located on the west coast of the United States. The equities favor retention of jurisdiction.