PACIFIC LUMBER & SHIPPING COMPANY, INC., Heidner International Corp., R. W. Export, Ltd., Intercontinental Lumber Company, Boise Cascade Corp., Publisher's Forest Products, Inc., the Windsor Company, Dant & Russell, Inc., Patrick Lumber Co., Columbia Harbor Lumber Co., Georgia-Pacific Corp., Big Bay Timber, Ltd., Zenith Lumber Company, Inc., Oregon Pacific Industries, Merrill Lynch Wood Markets, Inc., Tree Products Co., Inc., American & Tropical Forest Products Co., Inc., Fireman's Fund Insurance Co., Centennial Insurance Co., Hartford Fire Insurance Co., Royal-Globe Insurance Co., Plaintiffs,

v.

STAR SHIPPING A/S and the M/S Star Clipper, Defendants.

Buchanan Shipping Co., Claimant.

No. C79–140.

United States District Court, W. D. Washington.

Feb. 23, 1979.

David Danielson, of Lane, Powell, Moss & Miller, Seattle, Wash., for plaintiffs.

Thomas J. McKey, of Bogle & Gates, Seattle, Wash., for defendants and claimant.

ORDER

BEEKS, Senior District Judge.

The motions of defendant Star Shipping A/S and the claimant of the M.S. STAR CLIPPER to shorten time for hearing of motion to quash notice of deposition, to shorten time for hearing of motion for stay of action pending arbitration, to quash notice of depositions and for protective order, and for stay of action pending arbitration, were heard by the Court on February 13 and 15, 1979. The Court has considered the arguments of counsel and the briefs and affidavits submitted, including but not limited to, defendants' briefs and affidavits of Thomas McKey and Carol Nett dated February 14, 1979 and plaintiffs' brief and affi-

davits of David Danielson (including its exhibits) dated February 15, 1979 and the affidavit of Gerald Strand dated February 14, 1979. At issue is the effect of the following clause which is on the face of all of the applicable bills of lading:

ALL DISPUTES ARISING UNDER THIS BILL OF LADING SHALL BE SETTLED IN ACCORDANCE WITH THE PROVISIONS OF THE ARBITRATION ACT OF 1950 IN LONDON. THE AWARD OF THE ARBITRATORS OR UMPIRE TO BE FINAL AND BINDING UPON BOTH PARTIES.

The affidavit of Carol Nett establishes that the so-called "London arbitration clause" was inserted in defendant Star Shipping A/S's Mediterranean bills of lading at Star's direction. The affidavits of Nett, Gerald Strand and David Danielson indicate that the "London arbitration clause" was not negotiated or discussed with the shippers of cargo transported on vessels owned or chartered by Star. From the materials presented to the Court, there is no indication that the shippers ever had an option to have that clause deleted. Further, the affidavits of Strand and Danielson illustrate that the bills of lading which were identified in those affidavits were not received by the shippers in their completed form until after the STAR CLIPPER sailed from Coos Bay.

These bills of lading are contracts of adhesion, and I find that the "London arbitration clause" was not freely negotiated between the parties. That clause is a foreign forum clause. This case is governed by the provisions of the Carriage of Goods by Sea Act (COGSA) 46 U.S.Code, § 1300, et seq. and violates § 1303(8) of COGSA. *Mitsui & Co., Ltd., et al. v. M/V GLORY RIVER, et al.*, 464 F.Supp. 1004, No. C78–259B, (W.D.Wn. 1978); *Indussa Corporation v. S. S. Ranborg*, 377 F.2d 200 (2d Cir. 1967); *Northern Assurance Co., Ltd. v. M/V CASPIAN CAREER*, 1977 A.M.C. 421 (N.D.Cal. 1977). If ocean carriers were allowed to unilaterally select the forum for the resolution of cargo claims it would be an invitation to carriers to select forums having no relationship to the ports of loading or discharge and the carriers would be at liberty to select forums that might not fairly enforce COGSA.

Accordingly, the Court rules as follows:

1. The motions of Star Shipping A/S and the claimant to shorten time for hearing of motion to quash notice of deposition and to shorten time for hearing of motion to stay of action pending arbitration are granted.

2. The motions of Star Shipping A/S and the claimant for stay of action pending arbitration and to quash notice of depositions and for protective order are denied.